IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DENISE M. DUPONT, | Cause No. CV 10-00064-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE TO DISMISS |
| ROCKY MOUNTAIN COLLEGE, et al., | |
| Defendants. | |

Plaintiff Denise M. DuPont, proceeding pro se, filed this employment discrimination action on June 3, 2010.  In an Order dated June 16, 2010, the Court identified a number of deficiencies in DuPont's Amended Complaint and gave DuPont an opportunity to amend her claims.  *See Court Doc. 5.*  DuPont filed a Second Amended Complaint on July 9, 2010, alleging her former employer discriminated against her on the basis of age and gender.  *See Court Doc. 6.*  The Court notes that DuPont did not clarify her allegations or otherwise attempt to reassert other claims raised in her first amended complaint and discussed by the

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE TO DISMISS–CV-10-00064-BLG-RFC-CSO / PAGE 1

Court in its June 16th Order.   After reviewing the Second Amended

Complaint, the Court concludes that this matter should be dismissed

without prejudice for failure to exhaust federal administrative

remedies.

As set forth in the Court's prior Order, before filing an

employment discrimination lawsuit in federal court under either Title

VII or the Age Discrimination in Employment Act (ADEA), a plaintiff

must file a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") within 180 days of the alleged

unlawful employment practice.   42 U.S.C. § 2000e-5(e)(1) (Title VII); 29

U.S.C. § 626(d)(1) ("No civil action may be commenced by an individual

under this section until 60 days after a charge alleging unlawful

discrimination has been filed with the Equal Employment Opportunity

Commission.").

A plaintiff must file a discrimination charge with the Equal

Employment Opportunity Commission and receive a right-to-sue letter

from the Commission.   A failure to file a charge of discrimination with

the EEOC "renders a suit subject to dismissal in the absence of any

equitable consideration to the contrary." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988) (citations omitted). To establish federal subject matter jurisdiction under Title VII or the Age Discrimination in Employment Act, DuPont must have exhausted her EEOC administrative remedies. EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994); Lyons v. England, Sec. of the Navy, 307 F.3d 1092, 1103 (9th Cir. 2002).

In the Second Amended Complaint, DuPont admits that she did not file with the EEOC. She did file a charge of discrimination with the Montana Human Rights Bureau and, on March 5, 2010, she received a Notice of Dismissal from that agency. That letter also informed DuPont that she had the right to request the EEOC to review her case. DuPont admits she did not do so. Although DuPont indicates she was notified by the Montana Human Rights Bureau that she could file in district court, this reference by the Montana Human Rights Bureau appears to be a reference to state district court, not to federal district court. Filing with the Montana Human Rights Bureau does not satisfy the federal exhaustion requirement.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE TO DISMISS–CV-10-00064-BLG-RFC-CSO / PAGE 3

Since DuPont has not exhausted her administrative remedies with the EEOC, there is no federal subject matter jurisdiction and this matter should be dismissed.  This is not a defect which could be cured by the allegation of additional facts.

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding....

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th

Cir. 1977) (quoting <u>Coppedge</u>, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 327 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." <u>Walker v. O'Brien</u>, 216 F.3d 626, 631 (9th Cir. 2000).

DuPont admits she did not exhaust her federal administrative remedies.  Therefore, no reasonable person could suppose an appeal would have merit and the Court should certify that any appeal of this matter would not be taken in good faith.

At all times during the pendency of this action, DuPont SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for

failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  The Complaint should be **DISMISSED WITHOUT PREJUDICE.**

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  DuPont has admitted she did not exhaust her federal administrative remedies. Therefore, no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), DuPont may serve and file written objections to these Findings and Recommendations within

fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of July, 2010.


/s/ *Carolyn S. Ostby*
United States Magistrate Judge


FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE TO DISMISS–CV-10-00064-BLG-RFC-CSO / PAGE 7