IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DENISE M. DUPONT,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN COLLEGE, et al.,<br><br>Defendants. | CV 10-64-BLG-RFC<br><br>Order Adopting Findings and Recommendations of U.S. Magistrate Judge |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 7*) with respect to Du Pont's Second Amended Complaint (*Doc. 6*).

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Du Pont has filed objections. *Doc. 8.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Du Pont's objections are overruled.

Before filing an employment discrimination lawsuit in federal court under either Title VII or the Age Discrimination in Employment Act (ADEA), a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.").

A plaintiff must file a discrimination charge with the Equal Employment Opportunity Commission and receive a right-to-sue letter from the Commission. A failure to file a charge of discrimination with the EEOC "renders a suit subject to dismissal in the absence of any equitable consideration to the contrary." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988) (citations omitted). To establish federal subject matter jurisdiction under Title VII or the Age Discrimination in Employment Act, Du Pont must have exhausted her EEOC administrative remedies. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994); *Lyons v. England, Sec. of the Navy*, 307 F.3d 1092, 1103 (9th Cir. 2002).

In the Second Amended Complaint, Du Pont admits that she did not file with the EEOC. She did file a charge of discrimination with the Montana Human Rights Bureau and, on March 5, 2010, she received a Notice of Dismissal from that agency. That letter also informed Du Pont that she had the right to request the EEOC to review her case. Du Pont admits she did not do so. Although Du Pont indicates she was notified by the Montana Human Rights Bureau that she could file in district court, this reference by the Montana Human Rights Bureau is a reference to state district court, not to federal district court. Filing with the Montana Human Rights Bureau does not satisfy the federal exhaustion requirement.

Since Du Pont has not exhausted her administrative remedies with the EEOC, there is no federal subject matter jurisdiction and this matter should be dismissed. This is not a defect which could be cured by the allegation of additional facts.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Second Amended Complaint Complaint (*Doc. #6*) is **DISMISSED WITHOUT**

**PREJUDICE.** If Plaintiff files a notice of appeal after receipt of this Order, the clerk is directed to notify the Court of Appeals of this Court's certification that the appeal is not taken in good faith.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this 11th day of August, 2010.

/s/ Richard F. Cebull
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE